## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

5634 EAST HILLSBOROUGH AVENUE, INC.,
d/b/a "TOOTSIES," GEMINI PROPERTY
VENTURES, LLC, d/b/a "SHOWGIRLS," and
SHOWGIRLS MEN'S CLUB, INC., d/b/a
"SHOWGIRLS,"

    Plaintiffs,

v.                                                      CASE NO: 8:06-cv-1695-T-26EAJ

HILLSBOROUGH COUNTY,

    Defendant.
_____/

## **O R D E R**

Before the Court is Defendant's Motion to Dismiss the Complaint and Plaintiffs' Response. After careful consideration of the allegations of the Complaint and the applicable law, the Court concludes that the Motion should be denied.

In this declaratory relief action, Plaintiffs seek to have portions of Hillsborough County Ordinance 06-26 (the Ordinance) declared unconstitutional and to enjoin the enforcement of the Ordinance. Plaintiffs are businesses known as "bikini bars," places of public assembly serving alcohol to patrons while providing females clothed in "bikinis" who by dancing[1] "communicate the messages of physical attractiveness, acceptance and

---

[1] The performances are alleged to be "non-obscene." See docket 1 at 6.

all other permutations of human emotion communicated through human contact, even contact including fleeting touching of erogenous zones in the context of dance performances given by clothed performers."[2]  The Ordinance, it is alleged, was "adopted with no methodologically valid evidence or testimony supporting the restrictions."[3]  The Complaint alleges that the Ordinance is designed to protect the public from the "secondary effects" of the restricted expressive human contact which "leads to unlawful sexual activities, including masturbation, lewdness, illicit sexual activity, and other negative effects."[4]  The "expressive human contact" prohibited by the ordinance includes touching or making physical contact "with the clothed or unclothed buttocks, breast(s), lap, groin area, or pubic area of [a patron by a bikini-clad employee, or a bikini-clad employee by a patron] on the premises of an establishment dealing in alcoholic beverages."[5]

On a motion to dismiss, the Court cannot grant dismissal unless there is a dispositive legal issue that precludes relief.  See Neitzke v. Williams, 490 U.S. 319, 326 (1989).  The Court must look within the four corners of the complaint, and not to extraneous allegations, such as Plaintiffs' aspersions cast on the County for passing the Ordinance, which are directed at retaliation for an unrelated incident.  See Bickley v.

---

[2]  See docket 1 at 5-6.

[3]  See docket 1 at 8.

[4]  See docket 1 at 8.

[5]  See docket 5 at page 4 of Ordinance, section 3-63 titled "Regulations."

Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) (noting that "[a] court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss.").[6]  Taking the allegations of the Complaint as true, as it must, this Court finds that a factual development of the issues is necessary to resolve this case.

The County urges that there is no dispositive legal issue that precludes relief because binding case law holds that touching between exotic dancers and patrons of a bar is not protected by the First Amendment or any other clause of the Constitution. Plaintiffs attempt to distinguish the cases cited by the County[7] and point out that the Complaint alleges more than simply First Amendment claims in its fourteen counts.  It is true that it is difficult to ascertain at this stage of the proceedings whether a case with these exact facts, or with comparable facts, has been presented to the Court as to the First Amendment claims or the other ones.  With respect to the claim for violation of the Contract Clause, the determination of whether the County has a legitimate public purpose for promulgating the Ordinance will best be made after further development of the case.

---

   [6]  See docket 11 at 3-4.

   [7]  For example, the Fifth Circuit has not extended the First Amendment's protection to physical contact between a nude dancer and a bar patron, holding that the fact that "the physical contact occurs in the course of protected activity does not bring it within the scope of the First Amendment."  Hang On., Inc v. City of Arlington, 65 F.3d 1248, 1253 (5th Cir. 1995); accord Baby Dolls Topless Saloons, Inc. v. City of Dallas, 295 F.3d 471, 484 (5th Cir. 2002).  Plaintiffs argue that the expression prohibited by the Ordinance does not involve *nude* dancers but *clothed* dancers in bikinis and therefore the issue of whether the First Amendment protects such touching has not been definitively decided by the courts.

The same principles apply to the remaining claims that the Ordinance fails to satisfy either due process or equal protection and that the Ordinance is constitutionally vague. After a review of the allegations and the case law, the prudent course of action at this stage of the proceedings would be to permit development of the facts so that a proper assessment of the Ordinance can be conducted.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Complaint (Dkt. 5) is **DENIED.** Defendant shall file its answer no later than November 29, 2006.

**DONE AND ORDERED** at Tampa, Florida, on November 14, 2006.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record